IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In Re:<br>Thomas W. Tripler<br>Patricia M. Tripler<br>            Debtor(s)<br>Recovery PNPMS Trust II<br>            Movant<br>v.<br>Thomas W. Tripler<br>Patricia M. Tripler<br>            Respondent(s) | Chapter: 13<br><br>Case No: 25-11492-pmm |

**OBJECTION OF RECOVERY PNPMS TRUST II TO CONFIRMATION OF CHAPTER 13 PLAN WITH RESPECT TO THE REAL PROPERTY LOCATED AT 601 WILLOWBROOK AVE, HAVERTOWN, PA 19083**

Recovery PNPMS Trust II (hereinafter, "Creditor"), through its Counsel, Stern & Eisenberg, PC, respectfully requests that this Honorable Court deny confirmation of the Chapter 13 Plan filed by Debtor Patricia M. Tripler and Thomas W. Tripler (hereinafter, "Debtor"). In support thereof, Creditor respectfully represents as follows:

1. On April 14, 2006, Thomas W. Tripler and Patricia M. Tripler signed a note in the principal sum of $13,616.00 evidencing a loan from American General Financial Services, Inc. in the same amount, secured by the real property located at 601 Willowbrook Ave, Havertown, PA 19083 (hereinafter, the "Property"), as evidenced by a mortgage executed by Patricia M. Tripler and Thomas W. Tripler in favor of American General Financial Services, Inc., which mortgage is duly recorded with the Recorder of Deeds for Delaware County on April 18, 2006 at Book BK03776 at Page 0657 at Instrument No. 2006035295.

2. By assignment of mortgage, the mortgage was ultimately assigned to Creditor.

3. Debtor filed the Chapter 13 Bankruptcy Petition on April 16, 2025 and as a result, any State Court proceedings were stayed.

4. Creditor objects to the Chapter 13 Plan (hereinafter, the "Plan") for the following reasons:

    a.    The Plan is infeasible in that the Plan:

        i.    is underfunded and does not provide sufficient funds to pay the claims
        ii.    does not provide for sufficient funds to Creditor in order to pay the total amount due to Creditor in the amount of $56,714.96 together with reasonable interest over the life of the plan. If the Debtor were to pay 19% then the total amount due would be approximately $88,273.10 over the life of a 60-month plan.

5. By proposing to pay Creditor as proposed, the Plan violates the standards of 11 USC sections 1325(a)(5)(B)(i) and (ii) because it pays Creditor less than the allowed amount of such claim.

6. This Objection is made in accordance with the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Creditor, Recovery PNPMS Trust II, respectfully requests that this Honorable Court deny confirmation of the Chapter 13 Plan and dismiss the Chapter 13 Bankruptcy Petition together with such other relief this Court deems necessary and appropriate.

                Respectfully submitted,

                STERN & EISENBERG, PC

                *By: /s/ Daniel P. Jones*
                Daniel P. Jones, Esquire
                Stern & Eisenberg, PC
                1581 Main Street, Suite 200
                The Shops at Valley Square
                Warrington, PA 18976
                djones@sterneisenberg.com
                Phone: (215) 572-8111
                Fax: (215) 572-5025
                Bar Number: 321876
Date: June 26, 2025           Counsel for Movant